UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KAREN E. LOPES, | ) | |
|---|---|---|
| PLAINTIFF | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-221 RLM-MGG |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) | |
| DEFENDANT | ) | |

OPINION and ORDER

Karen Lopes moves for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Lopes requests an award of fees in the amount of $3,881.30 and expenses in the amount of $400. The Commissioner doesn't object to her request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Ms. Lopes requests fees for her attorney at the rate of $185 per hour for work performed on her case, and asserts that an hourly fee greater than $125.00 for counsel is warranted based on inflation and a rise in the cost of providing legal services.

In accordance with Section 204(d) of the Act, Ms. Lopes submitted an itemized statement from her attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that the hourly rates for work performed in 2017 and 2018 are based on the cost of living adjustments allowed by statute when employing the Consumer Price Index-All Items Index obtained from the Bureau of Labor Statistics.

The court finds that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," and counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also* Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). As noted, the Commissioner doesn't object to the hourly rates charged or the amount of fees requested by Ms. Lopes.

Based on the foregoing, the court GRANTS the motion for an award of fees and costs under the Equal Access to Justice Act [Doc. No. 26] and ORDERS as follows:

The plaintiff is awarded $3,881.30 in attorney fees and $400 in costs under the EAJA, 28 U.S.C. § 2412. This award will satisfy all of Ms. Lopes's claims for attorney fees, expenses, and costs under the EAJA.

Any fees paid belong to Ms. Lopes and can be offset to satisfy any pre-existing debt that she owes the United States. *See* Astrue v. Ratliff, 560 U.S. 586 (2010). After the court enters this award, if counsel for the Commissioner can verify that Ms. Lopes owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Ms. Lopes's attorney.

SO ORDERED.

ENTERED:   July 9, 2018

>   /s/ Robert L. Miller, Jr.
> Judge, United States District Court