UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KAREN E. LOPES,                )
                               )
        Plaintiff              )
                               )
        vs.                    )   CAUSE NO. 3:17-CV-221 RLM-MGG
                               )
ANDREW SAUL, COMMISSIONER      )
OF SOCIAL SECURITY,            )
                               )
        Defendant              )

OPINION AND ORDER

Karen E. Lopes brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. This court reversed and remanded the claim for further proceedings. Ms. Lopes ultimately prevailed and was awarded $80,832.40 in past-due benefits. Ms. Lopes's attorneys have received $3,881.30 for the services they provided pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Attorney Matthew F. Richter's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court. For the following reasons, the court grants Mr. Richter's motion.

An attorney who has successfully represented a claimant in federal court can receive "a reasonable fee for such representation, not in excess of twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). While fees may be awarded under both the EAJA and

Section 406(b), "an EAJA award offsets an award under Section 406(b)." Id. at 796.

Mr. Richter asks the court to authorize attorney fees in the amount of $20,208.10. The proposed attorney fee award is within the parameters of § 406(b) and the contingent fee agreement between Ms. Lopes and Mr. Richter's law firm, Keller & Keller, LLP. The government doesn't argue that Mr. Richter's request is unreasonable but recognizes that it is within the court's discretion to award the amount requested or reduce the fee award.

Ms. Lopes and Keller & Keller agreed to a contingent attorney fee of 25 percent. The court must decide whether the attorney fees yielded by the parties' contingency fee agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 807. A court shouldn't override the attorney-client contingency fee agreement unless the resulting fee would be unreasonable. Id. at 808. A fee may be unreasonable "[i]f the attorney is responsible for delay" that causes an "accumulation of benefits during the pendency of the case in court" or the "the benefits are large in comparison to the amount of time counsel spent on the case." Id.

Nothing in the record suggests Mr. Richter or his co-counsel at Keller & Keller caused any delay in the adjudication of Ms. Lopes's case, and the benefit of their work is significant. Under the terms of their agreement, Ms. Lopes agreed that Keller & Keller could elect to petition for up to 25 percent of all past due benefits in the event of a favorable outcome. The sum of requested attorney

fees, including the EAJA award, equates to an effective rate of $975.77 per hour ($20,208.10/20.71). The proposed fee award is within the bounds of the contingency fee agreement and falls within the range of what courts in this district have deemed reasonable. *See, e.g.*, Heise v. Colvin, No. 14-CV-739-JDP, 2016 WL 7266741 at *3 (W.D. Wisc. Dec. 15, 2016) (granting a fee request equating to an effective rate of $1,100); Kolp v. Colvin, No. 12-CV-842, 2015 WL 4623645, at *1 (E.D. Wis. Aug. 3, 2015) (granting a fee request equating to an effective rate of $1,118.44 an hour). Further, the award is reasonable in light of the result achieved in this case and the contingent nature of the recovery. Without the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation. *See* McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) (internal citations omitted).

Ms. Lopes received an award of $3,881.30 in attorney fees pursuant to the EAJA. Mr. Richter asked the court to direct him to refund that amount to plaintiff upon receipt of attorney's fees under § 406(b). The court finds it more efficient to offset the EAJA award from counsel's requested fees. Mr. Richter's fee request in this action, $20,208.10, is accordingly offset by the EAJA award, $3,881.30, for a total of $16,328.80.

For the foregoing reasons, the court GRANTS the motion for an award of attorney's fees under 42 U.S.C. § 406(b) [Doc. No. 34] and AWARDS fees to

plaintiff's attorney Matthew F. Richter's law firm, Keller & Keller, LLP, in the amount of $16,328.80. The court ORDERS that payment by the Commissioner in the amount of $16,328.80 be paid directly to the law firm of Keller & Keller, LLP, 2850 N. Meridian Street, Indianapolis, IN 46208.

SO ORDERED.

ENTERED:  October 31, 2019

/s/ Robert L. Miller, Jr.<br>Judge, United States District Court